**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MILTON VERAN WILLIAMS,** | ) | |
| **ID # 399375,** | ) | |
|        **Petitioner,** | ) | |
| | ) | **No. 3:15-CV-2924-N (BH)** |
| **vs.** | ) | |
| | ) | **Referred to U.S. Magistrate Judge** |
| **DALLAS COUNTY DISTRICT** | ) | |
| **COURT NUMBER 5, et al.,** | ) | |
|        **Respondents.** | ) | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant filings and applicable law, the habeas corpus petition should be transferred to the United States Court of Appeals for the Fifth Circuit as successive, and any claims for relief against individual defendants must be dismissed without prejudice.

**I.  BACKGROUND**

Milton Veran Williams (Petitioner), an inmate currently incarcerated in the Jim E. Hamilton Correctional Center in Hodgen, Oklahoma, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He listed as respondents Dallas County District Court No. 5, Felicia Price, and the State of Texas.

On July 24, 1995, Petitioner pled guilty to theft of property in the Dallas County District Court Number 5. The court sentenced Petitioner to one year in state jail probated for three years. Petitioner did not appeal.  On January 23, 2003, Petitioner filed a state application for writ of habeas corpus.  That application was denied by the Texas Court of Criminal Appeals on May 12, 2004. On January 16, 2002, Petitioner filed a federal petition for writ of habeas corpus in the Western District of Oklahoma. *See*

*Williams v. State of Texas,* No. CIV-02-63-C (W.D. Okl. 2002). There, Petitioner challenged his Texas conviction because it was used to enhance an Oklahoma conviction. The district court found it had no jurisdiction.

Petitioner subsequently sought relief under § 2254 in this district. *See Williams v. Dretke,* No.3:04-CV-1666-R (N.D. Tex.). He argued: (1) his guilty plea was not voluntary; (2) he received ineffective assistance of counsel; (3) the evidence was insufficient; and (4) he did not receive a full and fair hearing on this state habeas application. The petition was dismissed with prejudice on November 10, 2004, as barred by the one-year limitations period.

Petitioner's latest § 2254 petition, again challenging his 1995 conviction for theft of property in case number F9573890, was received and file-stamped on September 8, 2015. (doc. 3 at 1-2.)

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier

2

petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive, however, if the prior petition was dismissed due to prematurity or for lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same 1995 conviction as in his 2004 federal petition that was dismissed with prejudice. Under *Hardemon* and *Crone*, Petitioner was required to present all available claims in his prior 2004 federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that he could have raised in the 2004 federal petition. (doc. 3, at 8-11.) He includes claims that there was never a properly entered judgment, in that there was a clerical error in the judgment form as to the date sentence was imposed, resulting in all convictions thereafter being unlawfully enhanced, and claims he is entitled to an amended judgment and sentence. (doc. 3, at 9, 19-20.) Petitioner could have raised these claims during that proceeding.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this suc-

4

cessive petition for habeas relief, this Court lacks jurisdiction over Petitioner's habeas claims in this action.[2]

## III.  RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED**

to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862,

864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 26th day of October, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]  As noted, the petition also included complaints that court officials have refused to take action on documents that Petitioner mailed to state court, that he has been denied copies of court records, and that he has been denied the right of access to court.  (doc. 3 at 6-7.)  Courts may only consider federal habeas petitions brought under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws.  *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973).  By order dated September 11, 2015, Petitioner was notified that because he may only raise habeas claims in this habeas case, it would proceed only as a habeas action under § 2254.  He was also notified that to the extent that he sought to pursue his non-habeas claims against individual defendants, he was required to file a separate civil action under the appropriate statutes and pay the applicable filing fees.  (*See* doc. 6.)

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6